UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 1:22-cr-00354-RCL-1 and 2 |
| RICHARD SLAUGHTER, and ) | |
| CADEN GOTTFRIED, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS MOTION TO DISMISS CERTAIN COUNTS DUE TO MULTIPLICITY**

COMES NOW Defendants Rick Slaughter and Caden Gottfried, by and through undersigned counsel John Pierce, with this motion to dismiss certain Counts on grounds of multiplicity.

Several of these counts are lesser-included offenses of the others.

INTRODUCTION

Count 6 accuses defendants of entering and remaining in a restricted area. It is a lesser-included offense of Count 5, which is entering and remaining in a restricted area with a weapon.  And both counts 5 and 6 are lesser-included offenses of Count 7 (disorderly conduct inside a restricted area with a weapon). Count 8 alleges disorderly conduct in a restricted area and is, independently, a lesser-included offense of Count 7 (disorderly conduct inside a restricted area with a weapon).

Multiplicity arises when "an indictment charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010),

1

quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999). The Double Jeopardy Clause of the Constitution protects against "multiple punishments for the same offense." *Weathers*, 186 F.3d at 951, *cert. denied*, 529 U.S. 1005 (2000); U.S. Const. amend. V, cl. 2. Also, courts have recognized that charging the same offense in multiple counts can "<u>unfairly increas[e] a defendant's exposure to criminal sanctions" because a jury may conclude that given the number of charges, the defendant must be guilty of something</u>. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994), quoting *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), abrogated on other grounds, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001); see also *United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) (multiplicitous charges may suggest to a jury "that a defendant has committed not one but several crimes"), quoting *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997).

If Defendants are convicted of Count 7, they will obviously be guilty of Count 8 and Count 5 and 6 as well. In the words of the Supreme Court, the inquiry turns on whether proof of one of "necessarily includes proof of" the other. *Ball v. United States*, 470 U.S. 856, 862 (1985).

The counts of defendants' indictment expose them to double jeopardy for the same alleged act. The Double Jeopardy Clause protects criminal defendants against both successive punishments and prosecutions for the same criminal offense.

2

*United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)); see also *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008); *United States v Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013). When two different criminal statutes are violated, "the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Rutledge v. United States*, 517 U.S. 292, 297 (1996)).

    ACCORDINGLY, these counts must be dismissed and/or consolidated into one or two counts.

Dated: September 1, 2023                                                           Respectfully Submitted,

                                                                               */s/ John M. Pierce*
                                                                                     John M. Pierce
                                                                       21550 Oxnard Street
                                                                    3rd Floor, PMB #172
                                                                   Woodland Hills, CA 91367
                                                                         Tel: (213) 400-0725
                                                 Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

      I, John M. Pierce, hereby certify that on this day, September 1, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                          /s/ John M. Pierce
                                          John M. Pierce