UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim No. 1:22-cr-00354-RCL |
| | : | |
| RICHARD SLAUGHTER, and | : | |
| CADEN PAUL GOTTFRIED, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' NOTICE OF DEFENDANTS' RULE 16
DISCLOSURE DEFICIENCY AND REQUEST FOR ADDITIONAL DISCLOSURES**

On August 25, 2023, the defendants in this matter filed their "Notice of Affirmative Defenses, and of Use-of-Force Expert Steven Hill" ("the Hill Notice"). *See* Doc. 50. After consideration of the Hill Notice, the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this Notice of Deficiency of the Hill Notice and respectfully requests additional disclosures from the defendants to cure those deficiencies.

Rule 16(c) of the Federal Rules of Criminal Procedure requires that, upon request,[1] a proper expert disclosure must include:

- a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(b)(C)(iii). In addition, the disclosure must be approved and signed by the

---

[1] On December 3, 2022, the United States requested by letter to defense counsel "reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975)."

expert. *See* Fed. R. Crim. P. 16 (b)(C)(iv).

Here, the defendants' Hill Notice does not meet the standards set out by Rule 16. First, though the Hill Notice references a curriculum vitae, the Notice did not attach it. The Hill Notice therefore does not contain the witnesses' qualifications and publications. Second, the disclosure is not signed by the witness. Accordingly, the government requests additional disclosures from the defendants to cure these deficiencies and to allow the government to properly assess the need for motion practice regarding Mr. Hill and the need for a rebuttal expert witness.

Furthermore, the government notes that the disclosure references "the Kenneth Joseph Alberts" trial before Judge Friedrich. The government is unclear about to which trial the defense refers[2] and requests clarification of all of the trials in which Mr. Hill has testified as a witness, consistent with Rule 26.2.[3] The government also renews its request for all prior statements of the witness, if called to testify, pursuant to the same.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:   /s/ *Katherine E. Boyles*
       Katherine E. Boyles
       Assistant U.S. Attorney
       D. Conn. Fed. Bar No. PHV20325
       United States Attorney's Office – Detailee
       601 D Street NW
       Washington, D.C. 20001
       Phone: 203-931-5088
       Email: Katherine.Boyles@usdoj.gov

---

[2] The government is aware of the *Christopher* Alberts case, 21-cr-26, but notes that Judge Cooper, not Judge Friedrich, presided over that case.

[3] The government requested disclosures under Federal Rule of Criminal Procedure 26.2 in its initial discovery letter from December 2022. *See* fn. 1, *supra*.

/s/ *Stephen J. Rancourt*
Stephen J. Rancourt
Texas Bar No. 24079181
Assistant United States Attorney, Detailee
601 D Street, NW
Washington, D.C. 20530
(806) 472-7398
stephen.rancourt@usdoj.gov