UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim No. 1:22-cr-00354-RCL |
| | : | |
| RICHARD SLAUGHTER, and | : | |
| CADEN PAUL GOTTFRIED, | : | |
| | : | |
| Defendants. | : | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE USE OF AERIAL PHOTOGRAPH

The United States of America respectfully submits this response in opposition to "Defendant's (sic) Motion in Limine to Exclude Falsified Photograph Created for Litigation" ("the Motion"), Doc. 68. In their motion, the defendants seek to exclude a photograph that provides an aerial view of the Capitol grounds, with a superimposed red line demarcating the restricted perimeter that was established on January 6, 2021. Defendants Richard Slaughter and Caden Paul Gottfried ("the defendants") ask this Court to exclude the aerial photograph on the grounds that it is "altered" or "falsified." *Id*. at 4-5. The defendants object to the image because the red line that appears in the photograph was not actually drawn on the ground on January 6, 2021. *Id*. at 5 ("The photograph has been falsified, doctored, or altered by a computer-generated red line being added much like the spaceships in the movies like Star Wars."). As explained herein, the defendants' motion *in limine* is without merit and should be denied.

### LEGAL STANDARD

Motions *in limine* serve the limited purpose of narrowing evidentiary issues for trial and eliminating unnecessary trial interruptions. *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011. "In short, motions *in limine* are a means for arguing why 'evidence should or should not, *for evidentiary reasons,* be introduced at trial.'" *Barnes v. District of Columbia*, 924 F. Supp.

2d 74, 78 (D.D.C. 2013) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).

Federal Rule of Evidence Rule 401 defines relevance as evidence that has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 402 is a "rule of inclusion" meaning that all relevant evidence is generally admissible unless it is specifically excluded by the Constitution or a statute. And Rule 403 provides that a court "may exclude" otherwise "relevant evidence" if its probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*; *see also United States v. Rogers*, 918 F.2d 207, 209 (D.C. Cir. 1990) ("As their language makes clear, rules 401, 402, and 403 set out the general principle that evidence should be admitted if relevant, but relevant evidence may be excluded if unfairly prejudicial." (citing *Huddleston v. United States*, 485 U.S. 681, 687 (1988)).

Evidence is not "unfairly prejudicial" merely because it may reflect poorly on the defendants, is damaging to their defense, or implicates the defendants in criminal activity. "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial, or it isn't material. The prejudice must be unfair." *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002); *see also United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not bar powerful, or even 'prejudicial' evidence. Instead, the Rule focuses on the 'danger of *unfair* prejudice.'") (emphasis in original).

**ARGUMENT**

The motion pending before the court should be denied for several reasons. The photograph at issue is admissible: it is relevant to the jury's consideration of the facts of this case, it is a fair and accurate depiction of the layout of the Capitol grounds, and it is not unduly prejudicial or

confusing. The defendants' complaints that the red line was superimposed on the image for the purposes of litigation go to the weight of the evidence, not its admissibility, and the defendants are of course entitled to cross-examine the witness through whom the government offers this exhibit. To be clear, the government will seek to introduce this exhibit, as it has in dozens of other January 6 cases, through a live, U.S. Capitol Police witness, who may be cross examined about the photograph and the consideration that the jury should give it.

### A. The Photograph is Relevant

To begin the analysis, the aerial photograph is relevant. *See* Red. R. Ev. 401. The defendants are charged with, among other offenses, violations of 18 U.S.C. §§ 1752(a)(1), (a)(2), and (a)(4), offenses involving their presence within the restricted area arising from the Vice President's temporary visit to the Capitol on January 6, 2021, for proceedings to certify the Electoral College vote. The photograph is an aerial view of the Capitol building and grounds and shows the restricted area's perimeter at the edge of the Capitol grounds that was established on January 6, 2021:



The government alleges that both defendants were well within the restricted area: the government will prove at trial that Slaughter committed his offenses right next to Capitol's Lower West Terrace ("LWT") tunnel, and Gottfried was being so disruptive inside the LWT tunnel that police officers pulled him through the police line and *into* the building. A photograph delineating for jurors where the restricted perimeter was located on January 6, 2021 is plainly relevant to the jury's consideration of the charges brought under 18 U.S.C. § 1752.

### B. The Photograph is Fair and Accurate and Poses No Undue Risk of Confusing the Jury

Evidence is admissible if the proponent can "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Ev. 901(a); *United States v. Khatallah*, 41 F.4th 608, 623 (D.C. Cir. 2022) (showing is sufficient if it permits a reasonable juror to find the evidence is what its proponent claims) (internal quotation omitted). The requirements of Rule 901(a) may be satisfied through the testimony of a witness with knowledge "that an item is what it is claimed to be." Fed. R. Ev. 901(b)(1). A witness may authenticate a photograph by testifying that the photograph is a fair and accurate depiction. *U.S. v. Rembert*, 863 F.2d 1023, 1027-1028 (D.C. Cir. 1988). There is no requirement that the person who authenticates a photograph be the photographer. *Id.*, citing *United States v. Taylor*, 530 F.2d 639 (5th Cir. 1976) (trial court admitted photographs taken by an automated bank camera of the public area of a bank while employees were locked in the bank vault, even though no employee could testify as to the accuracy of the scene in the public area at the time the photographs were taken).

The defendants contend that the aerial photograph outlining the restricted Capitol Grounds is "falsified, doctored, or altered" and refers to it as "fabricated" because of the addition of the red line. Defendant's Motion, Dkt. 68, at 5. They contend that it could only be authenticated by a person "who is familiar with flying above the U.S. Capitol and viewing it from the air." *Id.* The

4

defendants' attempt to bar use of the exhibit−authenticated and admitted into evidence in numerous prior January 6 cases−is premature and without merit. As it has in prior Capitol Breach trials, the United States intends to establish the foundation for authenticity of the photograph of the restricted area in place on January 6, 2021, through testifying witnesses. The United States anticipates that the witnesses, who have personal knowledge of the restricted area and security measures in place on January 6, 2021, will testify that the red line superimposed on the photograph is a fair and accurate representation of the restricted area in place around the Capitol on January 6 due to the visit of Vice President Michael Pence. These witnesses will explain the use of bike rack barricades, "area closed" signs, and officers to set and secure the security perimeter. This anticipated testimony satisfies the authentication and admissibility standards. F.R.E. 901(a); *see also United States v. Thomas*, No. 98-41331, 2000 WL 1028971 at *5 (5th Cir. July 5, 2000) (reviewing various grounds for admission of map derived from aerial photograph that was digitized to add red radii in order to show the defendant's house was within 1,000 feet of a playground in connection with prosecution for distribution of crack cocaine; rejecting argument that witness who created and authenticated the map had not personally measured anything), *cert. denied sub nom. Torres v. United States*, 532 U.S. 1010 (2001); *United States v. Jared Kastner*, No. 21-cr-725 (MAU) (D.D.C.) (July 21, 2023 Minute Entry denying defendant's Motion in Limine To Exclude Falsified Photograph of Purported Red Line around US Capitol).

    The defendants' argument that "no red line was actually painted on the ground," Defendant's Motion at 7, and that this particular exhibit was not publicly posted at the Capitol grounds on January 6, is frivolous and irrelevant to the exhibit's admissibility. The photograph fairly and accurately represents the Capitol and the area surrounding the Capitol on January 6, 2021, and the red line fairly and accurately shows the security perimeter that was in place and

violated by Slaughter, Gottfried, and their fellow rioters. The public posting of such a picture is not a prerequisite to admissibility or to establishing a restricted building or grounds under 18 U.S.C. § 1752, or any other statute. And jurors are fully capable of understanding that the line *depicts* the security perimeter, and that it was not literally painted onto the streets of Washington, D.C. The defendants may cross-examine witnesses about the exact contours of the restricted area, but the contentions in their motion do not show grounds for exclusion of the photograph prior to trial.

### C. The Photograph is Admissible as a Summary Exhibit

Federal Rule of Evidence 611(a)(2) allows the trial court discretion to control the mode and order of presentation of witnesses and evidence to avoid wasting time. A summary exhibit is one that contains voluminous documents or photographs that cannot easily be examined in court at one time. Fed. R. Ev. 1006. A summary exhibit is also an illustrative aid that helps the jury understand testimony in context. Factors relevant to admissibility include "the length of trial, the complexity of the case, and the possible confusion generated by a large number of exhibits." *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013), *cert. denied*, U.S., 134 S. Ct. 969 (2014). In the context of Capitol Breach cases, numerous photographs of representative segments of the restricted perimeter, demarcated by bike rack barricades and "area closed" signs, could be compiled and shown to a jury but it would waste an inordinate amount of time. The red line superimposed on the aerial photograph serves as a summary of what would otherwise be voluminous and confusing evidence of each segment of the security perimeter.

The court may also admit a summary exhibit as evidence. *United States v. Bray,* 139 F.3d 1104, 1111–1112 (6th Cir.1998) (summaries or charts used as pedagogical devices or illustrative aids which organize or aid jury's examination of testimony or documents in evidence may "in

appropriate cases" also be admitted in evidence although not within specific scope of Rule 1006); s*ee also United States v. Johnson,* 54 F.3d 1150, 1159–61 (4th Cir.1995). Factors to be examined to determine whether to admit a summary exhibit as evidence include whether the proponent of the evidence is available for cross examination and whether a limiting instruction is needed. *United States v. Ray*, 370 F.3d 1039, 1046-47 (10th Cir. 2004).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the requested relief or, in to reserve ruling, to consider the above arguments when the relevant issues arise during trial. Accordingly, the United States respectfully asks the Court to deny the defendants' Motion *in Limine*.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   */s/ Stephen J. Rancourt*
Stephen J. Rancourt
Assistant United States Attorney
Texas Bar No. 24079181
601 D Street, NW
Washington, D.C. 20530
Phone: (806) 472-7398
Email: stephen.rancourt@usdoj.gov

 */s/ Katherine E. Boyles*
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325
601 D Street NW
Washington, D.C. 20001
Phone: 203-931-5088
Email: Katherine.Boyles@usdoj.gov