**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim No. 1:22-cr-00354-RCL** |
| | : | |
| **RICHARD SLAUGHTER, and** | : | |
| **CADEN PAUL GOTTFRIED,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

The United States requests the following jury instructions.

I.      **Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

II.     **Preliminary Instructions**

1.      Preliminary Instruction Before Trial, Redbook 1.102

2.      Stipulations, Redbook 1.103(A)

3.      Notetaking by Jurors, Redbook 1.105

4.      A Juror's [Subsequent] Recognition of a Witness or Other Party Connected to the Case, Redbook 1.108

III.    **Final Instructions**

1.      Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.      Function of the Court, Redbook 2.101

3.      Function of the Jury, Redbook 2.102

4.      Jury's Recollection Controls, Redbook 2.103

5.      Evidence in the Case, Redbook 2.104

6.      Statements of Counsel, Redbook 2.105

7.      Information Not Evidence, Redbook 2.106

8.      Burden of Proof, Redbook 2.107

9.      Reasonable Doubt, Redbook 2.108

10.     Direct and Circumstantial Evidence, Redbook 2.109

11.     Nature of Charges Not to Be Considered, Redbook 2.110

12.     Number of Witnesses, Redbook 2.111

13.     Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

14.     Credibility of Witnesses, Redbook 2.200

15.     Police Officer's or Law Enforcement Official's Testimony, Redbook 2.207
        *(as adapted to include the phrase "or law enforcement official" after each
        instance of the phrase "police officer" in the Redbook charge)*

16.     Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness,
        Redbook 2.209, *as applicable*

17.     Defendant As Witness, Redbook 2.209, *as applicable*

18.     Count One: Robbery in the Territorial Jurisdiction of the United States, 18
        U.S.C. § 2111 [*see* proposal below]

19.     Count Two: Assaulting, Resisting, or Impeding Certain Officers with a
        Deadly or Dangerous Weapon, 18 U.S.C. § 111(a) and (b) [*see* proposal
        below]

20.     Count Three: Assaulting, Resisting, or Impeding Certain Officers with a
        Deadly or Dangerous Weapon, 18 U.S.C. § 111(a) and (b) [*see* proposal
        below]

21.     Count Four: Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C.
        § 111(a) [*see* proposal below]

22.     Count Five: Obstructing Officers during a Civil Disorder, 18 U.S.C.
        § 231(a)(3) [*see* proposal below]

23.    <u>Count Six</u>: Obstructing Officers during a Civil Disorder, 18 U.S.C. § 231(a)(3) [*see* proposal below]

24.    <u>Count Seven</u>: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b) [*see* proposal below]

25.    <u>Count Eight</u>: Entering or Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1) [*see* proposal below]

26.    <u>Count Nine</u>: Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b) [*see* proposal below]

27.    <u>Count Ten</u>: Disorderly or Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2) [*see* proposal below]

28.    <u>Count Eleven</u>: Engaging in an Act of Physical Violence within a Restricted Building or Grounds using a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b) [*see* proposal below]

29.    <u>Count Twelve</u>: Engaging in an Act of Physical Violence within a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(4) [*see* proposal below]

30.    <u>Count Thirteen</u>: Engaging in an Act of Physical Violence at the Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(F) [*see* proposal below]

31.    Dual Intent [*see* proposal below]

32.    Proof of State of Mind, Redbook 3.101

33.    Multiple Counts – One Defendant, Redbook 2.402

34.    Unanimity—General, Redbook 2.405

35.    Verdict Form Explanation, Redbook 2.407

36.    Redacted Exhibits, Redbook 2.500

37.    Exhibits During Deliberations, Redbook 2.501

38.    Possible Punishment Not Relevant, Redbook 2.505

39.    Selection of Foreperson, Redbook 2.502

40.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

41.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

42.     Excusing Alternate Jurors, Redbook 2.511

**Instruction No. 18**

**Robbery in the Territorial Jurisdiction of the United States[1]**

(18 U.S.C. § 2111)

Count 1 of the Indictment charges Defendant Slaughter with robbery within the special territorial jurisdiction of the United States, which is a violation of federal law.

Elements

First, that the defendant did take or attempt to take from the person or presence of Officer A.A. anything of value, that is, a baton;

Second, that the defendant did so by force and violence, or by intimidation;

Third, that the defendant knowingly obtained the property in this way; and

Fourth, that the defendant did so within the special territorial jurisdiction of the United States.

Definitions

The term "special maritime or territorial jurisdiction of the United States" includes "any lands reserved or acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof."

---

[1] Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 371 (2020 Online Edition); *see also United States v. Quaglin*, et al., 21-cr-40 (TNM) (ECF No. 672 at 26) (government's proposed legal instructions for bench trial).

**Instruction No. 19**

**ASSAULTING, RESISTING, OR IMPEDING OFFICERS[2]**

(18 U.S.C. § 111(a) and (b))

Count 2 of the Indictment charges Defendant Slaughter with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties or a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count 2 of the Indictment additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon.

Count 2 also charges the defendant with attempt to assault, resist, or impede officers. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer or a person assisting a federal officer.

Second, the defendant did such acts forcibly.

---

[2] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant intentionally used a deadly or dangerous weapon, that is, a stick-like object.[3]

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[4]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[5]

---

[3] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

[4] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[5] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.[6]

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical

---

to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23).

[6] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). For January 6 trials that have used a similar instruction, see *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15) and *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 27).

rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[7]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact carrying out an official duty or assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[8]

Attempt[9]

In Count 2, the defendant is also charged with attempt to commit the crime of assaulting officers with a deadly or dangerous weapon. An attempt to commit assaulting officers with a deadly or dangerous weapon is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit assaulting officers with a deadly or dangerous weapon, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of assaulting officers with a deadly or dangerous weapon, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing assaulting officers with a deadly or dangerous weapon which strongly corroborates or confirms that the defendant intended to commit that crime.

---

[7] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).

[8] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30).

[9] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 28).

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit assaulting officers with a deadly or dangerous weapon merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit assaulting officers with a deadly or dangerous weapon merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit assaulting officers with a deadly or dangerous weapon.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

A defendant may be found guilty of the offense charged in Count 2 if the defendant assaulting officers with a deadly or dangerous weapon, or attempted to assault officers with a deadly or dangerous weapon.  Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of assaulting officers with a deadly or dangerous weapon in either one of these ways, you should find the defendant guilty of Count 2, and you need not consider whether the defendant committed the offense of assaulting officers with a deadly or dangerous weapon in the other way.

<u>Lesser Offense</u>

To find the defendant guilty of the lesser offense of Count 2, that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer or a person assisting a federal officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with a person who was assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 5.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers while using a deadly or dangerous weapon.

If you find the defendant guilty of that offense, do not go on to the lesser offense. If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony or attempting to do so.

This order will be reflected in the verdict form that I will be giving you.

11

**Instruction No. 20**

**ASSAULTING, RESISTING, OR IMPEDING OFFICERS[10]**

(18 U.S.C. § 111(a) and (b))

Count 3 of the Indictment charges Defendant Slaughter with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties or an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count 3 of the Indictment additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon.

Count 3 also charges the defendant with aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer or a person assisting a federal officer.

---

[10] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant intentionally used a deadly or dangerous weapon, that is, chemical spray.[11]

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[12]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[13]

---

[11] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

[12] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[13] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.][14]

---

2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23).

[14] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). For January 6 trials that have used a similar instruction, see *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15) and *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 27).

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[15]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact carrying out an official duty assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[16]

<u>Aiding and Abetting[17]</u>

In this case, the government further alleges that the defendant committed assaulting officers with a deadly or dangerous weapon as charged in Count 3, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count 3.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and

---

[15] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).

[16] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30).

[17] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31).

that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting officers with a deadly or dangerous weapon because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed assaulting officers with a deadly or dangerous weapon by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that assaulting officers with a deadly or dangerous weapon was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting officers with a deadly or dangerous weapon.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting officers with a deadly or dangerous weapon.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

16

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting officers with a deadly or dangerous weapon as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count 3 if the defendant assaulted officers with a deadly or dangerous weapon or aided and abetted assaulting officers with a deadly or dangerous weapon. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting officers with a deadly or dangerous weapon in either one of these two ways, you should find the defendant guilty of Count 3, and you need not consider whether the defendant committed the offense of assaulting officers with a deadly or dangerous weapon in the other way.

<u>Lesser Offense</u>

To find the defendant guilty of the lesser offense of Count 3, that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer or a person assisting a federal officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with a person who was assisting officers of the United States who were then engaged in the performance of their official duties or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 5.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers while using a deadly or dangerous weapon or aiding and abetting others to do so.

If you find the defendant guilty of that offense, do not go on to the lesser offense.  If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony or aiding and abetting others to do so.

This order will be reflected in the verdict form that I will be giving you.

**Instruction No. 21**

**ASSAULTING, RESISTING, OR IMPEDING OFFICERS[18]**

(18 U.S.C. § 111(a))

Count 4 of the Indictment charges Defendant Gottfried with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer or a person assisting a federal officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

---

[18] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Fifth, the defendant made physical contact with that officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 6.

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[19]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[20]

---

[19] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[20] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United*

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact,[carrying out an official duty assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[21]

<u>Assaulting, Resisting, or Impeding Certain Officers</u>

To find the defendant guilty of the lesser offense of Count [ ], that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer or a person assisting a federal officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

---

States v. Webster, 21-cr-208 (APM) (ECF No. 101 at 14), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23).

[21] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30).

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony.

If you find the defendant guilty of that offense, do not go on to the lesser offense.  If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers.

This order will be reflected in the verdict form that I will be giving you.

## Instruction No. 22

## OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[22]

### (18 U.S.C. § 231(a)(3))

Count 5 charges Defendant Slaughter with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce, the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

---

[22] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967.  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[23]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[24]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[25]

---

[23] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[24] *See* 18 U.S.C. § 232(3).

[25] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[26]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[27]

---

are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23) and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

[26] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[27] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

**Instruction No. 23**

**OBSTRUCTING OFFICERS DURING A CIVIL DISORDER**[28]

(18 U.S.C. § 231(a)(3))

Count 6 charges Defendant Gottfried with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce, the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

---

[28] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967.  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[29]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[30]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[31]

---

[29] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[30] *See* 18 U.S.C. § 232(3).

[31] *See, e.g., United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[32]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[33]

---

are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23) and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

[32] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[33] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

**Instruction No. 24**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[34]
WITH A DEADLY OR DANGEROUS WEAPON**

(18 U.S.C. § 1752(a)(1), (b)(1))

Count 7 of the Indictment charges Defendant Slaughter with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon, that is, a stick-like object, during and in relation to the offense.[35]

---

[34] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).  For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[35] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 34); *United States v. Schwartz, et al*, 21-cr-178 (APM) (ECF No. 172 at 24).

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count 5.

The term "deadly or dangerous weapon" has a similar meaning to the meaning in Count 2. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death.[36] However, for purposes of this offense, unlike the offense in Count 2, the defendant need not have actually used the object in that manner.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count 7, that is, entering or remaining in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

---

[36] *See United States v. Christie*, 23-cr-5 (APM) (Order, ECF 64, at 3) (defining "deadly or dangerous weapon" under 1752(b)(1)(A) and noting that unlike for purposes of 18 U.S.C. § 111(b), "[t]he defendant need not have actually used the object in that manner").

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds with a deadly or dangerous weapon.  If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

**Instruction No. 25**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[37]**

(18 U.S.C. § 1752(a)(1))

Count 8 of the Indictment charges Defendant Gottfried with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count 5.

---

[37] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).  For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

**Instruction No. 26**

**DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING WITH A DEADLY OR DANGEROUS WEAPON[38]**

(18 U.S.C. § 1752(a)(2), (b)(1))

Count 9 of the Indictment charges Defendant Slaughter with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

> Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

> Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

> Fourth, the defendant knowingly used or carried a deadly or dangerous weapon

---

[38] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32).

during and in relation to the offense, that is, a stick-like object.[39]

<u>Definitions</u>

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[40]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[41]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count 7.  The terms "deadly and dangerous weapon" also have the same meanings described in the instructions for Count 7.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count 9, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact

---

[39] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

[40] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[41] Redbook 6.643.

impeded or disrupted the orderly conduct of Government business or official functions.

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

## Instruction No. 27

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING[42]

### (18 U.S.C. § 1752(a)(2))

Count 10 of the Indictment charges Defendant Gottfried with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[43]

---

[42] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32).

[43] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[44]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count 7.

---

[44] Redbook 6.643.

**Instruction No. 28**

**ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON[45]**

(18 U.S.C. § 1752(a)(4), (b)(1))

Count 11 of the Indictment charges Defendant Slaughter with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon, that is, a stick-like object, during and in relation to the offense.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings

---

[45] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40).

described in the instructions for Count 7.  The terms "deadly and dangerous weapon" also have the same meanings described in the instructions for Count 7.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count 11, that is, engaging in physical violence in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon.  If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of engaging in physical violence in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

**Instruction No. 29**

**ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS[46]**

(18 U.S.C. § 1752(a)(4))

Count 12 of the Indictment charges Defendant Gottfried with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count 7.

---

[46] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40).

**Instruction No. 30**

**ACT OF PHYSICAL VIOLENCE AT THE CAPITOL BUILDING OR GROUNDS**[47]

40 U.S.C. § 5104(e)(2)(F)

Count 13 of the Indictment charges both defendants with engaging in an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Counts 11 and 12 , the threat of infliction of bodily harm is sufficient to meet this definition.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.

---

[47] *United States v. Alberts*, 21-cr-26 (CRC) (ECF No. 147 at 20); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 36); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 43). *See also United States v. Jones*, 21-cr-213 (RJL) (ECF No. 75 at 9-10) (notes for bench verdict setting out elements and defining "act of physical violence" to include destruction of property).

The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

The term "knowingly" has the same meaning described in the instructions for Count 5.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[48]

---

[48] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

## Instruction No. 31

### MIXED OR DUAL INTENT

A person may act with more than one intent.[49]  For example, a person paying bribes to an elected official may have the intent both to cultivate friendship with the official and to illegally influence official acts that the person wants the official to take.[50]  You may find that the defendant acted with corrupt intent even if you also find the defendant acted, in part, for legitimate reasons, if you also find that he used unlawful means or acted with an unlawful purpose, or both.[51]

---

[49] *United States v. Brown*, 934 F.3d 1278, 1307 (11th Cir. 2019); 2 James Fitzjames Stephen, *A history of the Criminal Law of England* 121 (1883) ("[A] man's motives for any given act . . . are always mixed.")

[50] *United States v. Woodward*, 149 F.3d 46, 70 (1st Cir. 1998).

[51] *United States v. Bryant*, 655 F.3d 232, 245-46 (3d Cir. 2011) (upholding similar jury instruction); *United States v. Coyne*, 4 F.3d 100, 113 (2nd Cir. 1993).