IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>**RICHARD SLAUGHTER, and**<br><br>**CADEN GOTTFRIED,**<br><br>Defendants. | Criminal No.: **1: 22-cr-00354-RCL-1 and 2**<br><br>**DEFENDANTS FIRST SET OF PROPOSED JURY INSTRUCTIONS** |

DEFENDANTS FIRST SET OF PROPOSED JURY INSTRUCTIONS

**Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))**

Count 1 of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count 1 also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official

1

proceeding, you must find that the government proved each of the following **six** elements beyond a reasonable doubt:

**First**, the defendant attempted to or did obstruct or impede an official proceeding.

**Second**, the defendant committed acts personally and individually that directly caused the obstruction or impeding of an official proceeding.

**Third**, the defendant acted with the intent to obstruct or impede an official proceeding which is currently occurring and which the defendant reasonably believed was aware of the defendant's actions.

**Fourth**, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

**Fifth**, the defendant acted corruptly.

**Sixth**, the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

**Definitions** The term "official proceeding" includes a proceeding before the Congress. The official proceeding must be pending or about to be instituted at the time of the offense. The government must prove beyond a reasonable doubt that disrupting the official proceeding was reasonably foreseeable to the defendant.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In

deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must knowingly use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

To prove that the Defendant acted "corruptly," the Government must prove more than the Defendant acted "unlawfully." The Government must prove that the Defendant used unlawful and deceptive means with the intent to secure an unlawful substantial benefit either for one's self or for another. [1]

---

[1] The definition provided under *United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring in part) *(emphases added)* for 18 U.S.C. 1503 must apply:

> Finally, respondent posits that the phrase "'corruptly ... endeavors to influence, obstruct, or impede' may be unconstitutionally vague," in that it fails to provide sufficient notice that lying to potential grand jury witnesses in an effort to thwart a grand jury investigation is proscribed. Brief for Respondent 22, n. 13. Statutory language need not be colloquial, however, and the term "corruptly" in criminal laws has a longstanding and well-accepted meaning. It denotes ***"[a]n act done with an intent to give some advantage inconsistent with official duty and the rights of others*** .... It includes bribery but is more comprehensive; because an act may be corruptly done though the advantage to be derived from it be not offered by another." *United States* v. *Ogle,* 613 F.2d 233, 238 (CAlO) (internal quotation marks omitted), cert. denied, 449 U. S. 825 (1980). *See also* Ballentine's Law Dictionary 276 (3d ed. 1969); Black's Law Dictionary 345 (6th ed. 1990). **As the District Court here instructed the jury:**
>
>> "An act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person." App. 117.

"[7] Black's Law Dictionary defines 'corruptly' as used in criminal-law statutes as 'indicates a wrongful desire for pecuniary gain or other advantage.' Black's Law Dictionary 371

3

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. A person does not act corruptly where he reasonably believes his expressive conduct is protected by the First Amendment.

---

(8th ed. 2004)." *United States of America vs. Samuel Saldana*, U.S. Court of Appeals for the Fifth Circuit, Case No. 04-50527, Opinion, August 18, 2005 , footnote 7.

*Marinello v. United States*, 138 Ct. 1101, 1114 (2018) is highly instructive:

> The difference between these *mens rea* requirements is significant. While "willfully" requires proof only "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty," *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), "corruptly" requires proof that the defendant "act[ed] with an intent to procure an unlawful benefit either for [himself] or for some other person," *United States v. Floyd,* 740 F.3d 22, 31 (C.A.1 2014) (collecting cases); see also Black's Law Dictionary 414 (rev. 4th ed. 1951) ("corruptly" "generally imports a wrongful design to acquire some pecuniary or other advantage"). In other words, "corruptly" requires proof that the defendant not only knew he was obtaining an "unlawful benefit" but that his "objective" or "purpose" was to obtain that unlawful benefit. See 21 Am.Jur.2d, Criminal Law § 114 (2016) (explaining that specific intent requires both knowledge and purpose).

**Entering and Remaining in a Restricted Building or Grounds**

Count 1 of the information charges the defendant with entering or remaining in a restricted building or grounds. The Government must prove beyond a reasonable doubt that:

1. The defendant entered or remained in a restricted building without lawful authorization to do so; and
2. He acted willfully and knowingly.

[Note: defendant asserts that 'willfully,' or something like willfully, is the standard required. 18 U.S.C. § 1752 is a 'trespassing' corollary—equivalent to trespass statutes in every state and the common law over many centuries. This vast landscape of law requires willfullness on the part of a defendant. The law would be preposterous otherwise, as the government could convict people for simply knowing they are standing or sitting somewhere, without the person having any knowledge he is doing something wrong or without even being informed of the restricted nature of a place.]

The term "restricted building" means any posted, cordoned off, or otherwise fenced or barricaded ~~restricted~~ area of a building where a person protected by the Secret Service is or will be temporarily visiting.

[Explanation: "restricted" should not be defined as "restricted." This concept cannot be open-ended. It requires tangible, real-world barricades, signage, warnings, walls of separation, or fences.]

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether

defendants knowingly entered or remained in a restricted building, you may consider all of the evidence, including what defendants did, said or perceived. A person who enters or remains in a restricted area with a good faith belief that she is entering or remaining with lawful authority is not guilty of this crime.

[reinsert definition of "willfully" here. A person acts "willfully" if she acts with the intent to do something that the law forbids -that is, to disobey or disregard the law. . . . ]

**Disorderly Conduct in a Restricted Building or Grounds**

Count ??? charges the defendant with disorderly or disruptive conduct in a restricted building or grounds. The Government must prove beyond a reasonable doubt that:

1. The defendant engaged in disorderly or disruptive conduct;
2. He did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions;
3. His conduct was in a restricted building or grounds; and
4. His conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses language likely to produce violence on the part of others, or language that is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" has the same meaning provided in Count I. The term "knowingly" has the same meaning provided above.

[Note the government seeks to insert 'aiding and abetting' and 'attempt' into the instructions. These are not generally recognized as inchoate aspects of misdemeanors such as trespassing. Such misdemeanors require very little threshold of preplanning or high-level states of mind; consequently, adding "attempt" or "aiding and abetting" to a trespass accusation can effectively convert the allegation into something like a strict liability offense. It would be preposterous if someone could be convicted of 'aiding and abetting' another person's trespass by, for example, driving them to the scene of a trespass, or being a "getaway driver" for a trespass. And an allegation of "attempted trespass" becomes almost comedic in its possible scope: leaning on a fence? Moving toward a boundary without crossing it?

**Proposed Instruction No. __**

**First Amendment Rights**

Every person has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government.  And under the First Amendment, a person has a constitutional right to make violent or anti-government statements and threats and may call upon others to act violently, except in rare circumstances where the speaker knows such violent threats have an immediate likelihood of getting others to immediately carry out such violence and reasonably knows that others have the ability and are likely to carry out such threats.

These First Amendment rights apply to every count in the indictment.  If you find that the defendant's conduct was First Amendment protected speech, expression, or advocacy, you must find the defendant not guilty.

The United States Capitol is one of America's largest public buildings.  It is the headquarters of the Legislative Branch of government, where the American people have broad rights to petition, advocate, protest, and meet with members

**of Congress and staff in order to promote or prevent the advancement of legislation or other congressional acts.**

### 6.10 MERE PRESENCE[2]

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed any of the crimes charged in the indictment. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**Proposed Instruction No. __**

**Guilt Must be individualized**

The determination of guilt must be an individualized matter.  Defendant Kastner cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Kastner himself committed such crimes.

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

*N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause <u>particularized with respect to that person</u>. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another …."

**Limiting Instruction regarding signs and barricades unseen by the defendants.**

This instruction should be given to the jury immediately after the

Government puts on evidence (likely through a Capitol police officer testifying

---

[2] From U.S. 9th Circuit Pattern Jury Instructions.

about security measures placed at the Capitol grounds on Jan. 6) of barriers, signs, fences or announcements not seen directly by Slaughter and Gottfried:

> You have seen evidence of certain signs, fencing, barricades or announcements placed at or near the Capitol on Jan. 6. This evidence was admitted solely as evidence of facts described in [this witness's] testimony. You are instructed to recognize that these features may or may not have been viewed or viewable by the defendant. You are further instructed that the defendants' knowledge of signs, markings, fencing, announcements or barricades must be proven beyond a reasonable doubt, from defendants' perspective rather than the perspective of anyone else.

Dated: November 1, 2023                                      Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, November 1, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce
