UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 22-cr-354 (RCL) |
| : | |
| RICHARD SLAUGHTER and : | |
| CADEN GOTTFRIED, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' motion to continue, Doc. 110, based on the close-in-time proximity of the trial date to the 2024 presidential election. The defendants' concerns are properly addressed by this Court during jury voir dire.

## Background

Defendants Richard Slaughter and Caden Gottfried were arrested on a complaint on October 12, 2022, for offenses related to their participation in the riot at the U.S. Capitol Building on January 6, 2021. *See* Docs. 1, 5, 6. Shortly thereafter, a federal grand jury indicted Defendants on November 2, 2022. Doc. 19. The original Indictment charged Defendant Slaughter with robbery, in violation of 18 U.S.C. § 2111; assaulting officers with a dangerous weapon, in violation of § 111(a) and (b); civil disorder, in violation of § 231(a)(3); entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of § 1752(a)(1) and (b)(1)(A); disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon in violation of § 1752(a)(2) and (b)(1)(A); physical violence in a restricted building or grounds with a deadly or dangerous weapon in violation of § 1752(a)(4) and (b)(1)(A); and

physical violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). *See* Doc. 19.

The original Indictment charged Defendant Gottfried with assaulting officers, in violation of 18 U.S.C. § 111(a); civil disorder, in violation § 231(a)(3); entering or remaining in a restricted building or grounds, in violation of § 1752(a)(1); disorderly or disruptive conduct in a restricted building or grounds, in violation of § 1752(a)(2); physical violence in a restricted building or grounds, in violation of § 1752(a)(4); and physical violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). *Id.*

Defendants were initially represented by Attorney Joseph R. Conte. Doc. 8. In March 2023, Mr. Conte moved to withdraw, and Attorney John M. Pierce appeared for both Defendants. *See* Docs. 33, 34, 35. At a status conference on June 23, 2023, the parties jointly agreed to a December 1, 2023 trial date. *See* Doc. 40; 6/23/2023 and 7/7/23 Minute Entries.

In September 2023, the grand jury issued a Superseding Indictment. Doc. 60. The Superseding Indictment added one count of 18 U.S.C. §§ 111(a)(1) and (b), and 2 against Slaughter. *See id.*; Doc. 76 at 2. The Superseding Indictment further clarified the original indictment by separating the civil disorder charge against both defendants, naming the alleged victim for the § 2111 count against Defendant Slaughter, and clarified the timing of the § 111(a)(1) and (b) count against Slaughter. *See* Doc. 60; Doc. 76 at 2.

Throughout September 2023, the parties filed motions in limine and other pretrial briefing, in preparation for the December 1, 2023, trial date. *See* Docs. 50-69, 72-74, 79-80. The government also filed its Statement of the Case, Doc. 81, Exhibit List, 85, and Witness List, Doc. 87.

On October 25, 2023, just weeks before trial, Defendants moved to continue trial in light of the Superseding Indictment. Doc. 75. The government responded in opposition the same day, Doc. 76, and this Court denied the motion to continue, *see* 11/13/23 Minute Entry.

On Friday, November 17, 2023, with just two weeks before trial, defense counsel moved to withdraw from the case, after Defendants had contacted the government directly with a "Motion for Continuance" and "Notice of Termination [of counsel]." *See* Docs. 92, 93, 95, 96. This Court granted the motions to withdraw and continue trial and scheduled a status conference for January 10, 2024. Doc. 94.

Attorney William Shipley then appeared in this case on January 25, 2024. Doc. 102. The government immediately re-produced discovery and its trial exhibits to new counsel over the course of January 25 and 26, 2024. At a status conference on February 2, 2024, Attorney Shipley represented that he would not likely be available for trial until November of this year. *See* 2/2/24 Minute Entry. Given the fact that the case had already been prepared for trial in December 2023, the government sought a further status conference in April to evaluate whether the case could be tried any sooner. At a status conference on April 9, defense counsel reiterated that he would not be available until November, so this Court formally set trial for November 12. *See* 4/9/24 Minute Entry. The government again requested a further status conference to evaluate the possibility of an earlier trial date. *See id.* But once again, counsel denied any availability until the November 12 trial date at the June 14, 2024 status conference.

Now, Defendants ask this Court to continue their trial yet again, because the trial date is close-in-time to the 2024 presidential election.[1] The motion should be denied.

---

[1] The government also notes that defense counsel has filed a nearly identical motion in another case, *United States v. Stephen Baker*, 24-cr-121 (CRC), Doc. 30. *Baker* has also been set for trial on November 12, 2024. *See* Doc. 27 (entered 6/7/2023). Defense counsel has not filed any notice

3

**Argument**

Defendants' latest motion to continue seeks an indefinite delay of trial because the "emotions, reactions, and mood of … potential jurors [following the 2024 presidential election] cannot be predicted with any confidence or certainty." Doc. 110 at 2. Defendants claim that "[t]o receive a fair trial … a continuance is needed to allow enough time for the emotions of both the election cycle and the rehashing of January 6th as a political cudgel to subside for those who might be called to serve as jurors." *Id.* at 4.

Questions related to jury fairness are not new in the January 6 context. Countless January 6 defendants have moved to change the venue of their prosecutions, and those motions have been consistently denied by members of this Court. In May of this year, the D.C. Circuit weighed in and held that the defendant had failed to show any presumptive prejudice based on the makeup of the District's jury pool. *United States v. Webster*, 102 F.4th 471, 479-480 (D.C. Cir. 2024). There, another January 6 defendant appealed the district court's denial of his motion to change venue, based on his argument that the "District's entire jury pool was presumptively prejudiced against him." *Id.* at 479. The *Webster* court observed that the "the essential question" in a presumptive prejudice claim would be: "Can the District's potential jurors 'lay aside [their] impression or opinion' of [the defendant] or events on January 6th and 'render a verdict based on the evidence presented in court'?" *Id.* at 480 (quoting *United States v. Nassif*, 628 F.Supp.3d 169, 187 (D.D.C. 2022)). The court continued, "the political inclinations of a populace writ large say nothing about

---

of a scheduling conflict in either case as required by Local Rule 57.5(c) ("It is the professional responsibility of attorneys to avoid the setting of conflicting engagements in the courts, to inform the courts of expected difficulties or conflicts which may arise, and to achieve the resolution of such conflicts or problems at the earliest possible time. … (3) Attorneys are obliged to take action immediately upon becoming aware of any conflict and specifically to call the conflicting engagements to the attention of the judge being asked to yield, and to pursue the matter until the conflict is resolved.").

an individual's ability to serve impartially in adjudicating the criminal conduct of an individual." *Id*. at 481. That same essential question applies here.

The Defendants here theorize, "If a Democrat [sic] party nominee is elected President, many will be seeking vengeance . . .[,] if a Republican party nominee wins: people will be looking for someone to punish . . . ." Doc. 110 at 4. But their assumptions about the District's jury pool do not provide a basis to show that twelve individual jurors cannot be found to serve impartially, even if empaneled one week after the presidential election. At this juncture, Defendants have not produced any record evidence that the District's potential jurors cannot lay aside their opinions and determine the facts at issue in this case fairly and impartially.

Indeed, any concerns regarding the jury pool's biases are properly addressed through voir dire. The Supreme Court observed in *Skilling v. United States*, 561 U.S. 358 (2010), that voir dire is "well suited to th[e] task" of probing the crime's "widespread community impact." 561 U.S. at 384. And the Court has said that "[i]t is fair to assume that the method we have relied on since the beginning"—voir dire—"usually identifies bias." *Patton v. Yount*, 467 U.S. 1025, 1038 (1984) (citing *United States v. Burr*, 25 F. Cas. 49, 51 (C.C.D. Va. 1807) (Marshall, C.J.)). Similarly, the D.C. Circuit has said that "voir dire has long been recognized as an effective method of routing out [publicity-based] bias, especially when conducted in a careful and thoroughgoing manner." *In re Nat'l Broadcasting Co.*, 653 F.2d 609, 617 (D.C. Cir. 1981); *see also United States v. Haldeman*, 559 F.2d 31, 63-64 (D.C. Cir. 1976) ("[I]f an impartial jury actually cannot be selected, that fact should become evident at the voir dire.") (holding that the district court was correct to deny a motion to change venue by Watergate defendants before voir dire). The D.C. Circuit reiterated this point this year in *Webster*: "[T]he political inclinations of a populace writ large say nothing about

5

an individual's ability to serve impartially in adjudicating the criminal conduct of an individual." *Webster*, 102 F. 4th at 481.

## Conclusion

This Court need not presume the extreme bias or emotionality of the District's entire jury pool that Defendants suggest. Instead, this Court should keep the scheduled dates and determine the issue of jury fairness at the time of voir dire, as D.C. Circuit case law requires. Accordingly, the government respectfully requests that the Court deny the motion to continue.

Moreover, to the extent Defendants seek to move their trial date in light of counsel's apparent scheduling conflict in *United States v. Baker* (*see* supra, fn. 1), the government respectfully requests that that request be denied as well. As the first-set trial, this trial takes priority over other trials set after this trial was set, pursuant to Local Rule 57.5(b)(1). If defense counsel is available for an earlier trial date, however, the government is also available to begin trial in August, the weeks of September 3, 9, or 16, or the weeks of October 21 or 28.

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar No. 481052

By:    /s/ *Katherine E. Boyles*
          Katherine E. Boyles
          Assistant U.S. Attorney
          D. Conn. Fed. Bar No. PHV20325
          United States Attorney's Office
          601 D Street NW
          Washington, D.C. 20001
          Phone: 203-931-5088
          Email: katherine.boyles@usdoj.gov

          */s/ Stephen J. Rancourt*
          Stephen J. Rancourt
          Assistant United States Attorney
          Texas Bar No. 24079181

601 D Street, NW
Washington, D.C. 20530
Phone: (806) 472-7398
Email: stephen.rancourt@usdoj.gov